# UNITED STATES DISTRICT COURT
for the
District of Montana
Missoula Division

| | |
|---|---|
| Katherine Rudik and Mikhail Rudik,<br><br>          Plaintiffs,<br>v.<br><br>ANTONY J. BLINKEN, Secretary,<br>United States Department of State,<br><br>RENA BITTER, Assistant Secretary,<br>United States Department of State,<br>Bureau of Consular Affairs,<br><br>HALE VANKOUGHNETT, Consul General,<br>United States Embassy, Warsaw, Poland,<br><br>          Defendants. | Civil Action No._____<br><br><br><br><br><br>**COMPLAINT FOR WRIT OF MANDAMUS**<br>**AND REVIEW OF AGENCY ACTION UNDER**<br>**THE ADMINISTRATIVE PROCEDURE ACT** |

## I.  INTRODUCTION

 This is an action to compel Defendants and those acting under them to immediately and forthwith take all appropriate action to issue a decision on Plaintiff Mikhail Rudik's immigrant visa application, which has been pending at the Consular Section of the U.S. Embassy in Warsaw, Poland (hereinafter "the Consulate") since October 24, 2023.  Despite Plaintiffs' numerous inquiries, the Consulate has failed to adjudicate the pending visa application or provide a meaningful explanation for the delay.

## II.  PARTIES

1. Plaintiff KATHERINE RUDIK is a United States citizen who filed an immigrant visa petition on behalf of her husband, MIKHAIL RUDIK, with the United States Citizenship

and Immigration Services ("USCIS").

2. Based on the approval of his wife's visa petition, Plaintiff MIKHAIL RUDIK applied for an immigrant visa at the U.S. Embassy in Poland to enter and reside in the United States with his wife and children.

3. Defendant ANTONY J. BLINKEN, Secretary of State of the United States of America, is the highest-ranking official within the U.S. Department of State. Secretary BLINKEN is sued in his official capacity.

4. Defendant RENA BITTER is Assistant Secretary of State for Consular Affairs. Defendant BITTER is responsible for administering and formulating regulations, policies, and procedures relating to visa issuance and refusal. She is sued in her official capacity.

5. Defendant HALE VANKOUGHNETT serves as Consul General for the Consular Section of the United States Embassy in Warsaw, Poland. As Consul General, Defendant Vankoughnett directs the activities of the U.S. Embassy's consular section and serves as the Ambassador's senior in-country advisor on consular, visa, and border security matters. Defendant VANKOUGHNETT is being sued in his official capacity.

### III.  JURISDICTION AND VENUE

6. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361 (mandamus relief); 28 U.S.C. § 1331 (Federal Question Jurisdiction); and 5 U.S.C. § 500, *et seq.* (Administrative Procedure Act). Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 5 U.S.C. § 555(b) provides that each agency shall proceed to conclude a matter

presented to it "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time."

7. The doctrine of consular non-reviewability does not bar judicial review in this case. Plaintiffs are challenging the Consulate's refusal to adjudicate Plaintiff Mikhail Rudik's immigrant visa application by placing it in the so-called "administrative processing." Plaintiffs are not challenging a specific decision on Mikhail Rudik's application because the Consulate has never made a decision on the application. "When the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997); *see also Iqbal v. Blinken*, 2:23-cv-01299-KJM (EDCA Aug. 22, 2024) ("The court is concerned the "administrative processing" designation is a convenient bureaucratic label allowing defendants to place visa applicants like [Plaintiff] in limbo, where their visas are neither refused nor granted, but without any clear explanation as to when the administrative processing or additional security screening will be completed").

8. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where Plaintiffs reside. Plaintiff Katherine Rudik is domiciled in Missoula, Montana.

### IV. FACTS AND PROCEDURAL HISTORY

9. Four years ago, Plaintiff Katherine Rudik, a United States citizen, filed an immigrant visa petition on behalf of her husband, Mikhail Rudik. Nearly two years later, on June 17, 2022, USCIS finally approved the petition and forwarded it to the U.S. Department of State's National Visa Center for additional processing. *See* **Exhibit A**.

10. After Plaintiffs had provided all of the required documentation and paid the required visa fees, the National Visa Center scheduled an interview for Mikhail Rudik and forwarded the case to the Consulate on October 24, 2023. *See* **Exhibit B**.

11. On December 8, 2023, Plaintiff Mikhail Rudik appeared for an interview before a U.S. consular officer at the U.S. Embassy in Warsaw, Poland and provided all of the required information and documentation. However, instead of adjudicating Mr. Rudik's immigrant visa application, the consular officer placed Mr. Rudik's case in "administrative processing" and issued a request for additional documentation. **Exhibit C**.

12. On the following business day, December 11, 2022, Mr. Rudik provided the requested documentation to the Consulate. *See* **Exhibit D**. Since December 11, 2022, Mr. Rudik has inquired with the Consulate regarding the status of his visa application on a monthly basis, all to no avail. *Id*. Defendants continue to issue generic responses to Mr. Rudik's inquiries stating that his case is undergoing "administrative processing" and that they are "not able to estimate how long it may take." *Id*.

13. Defendants' generic responses resemble a response that Plaintiffs' counsel received from the same U.S. Embassy in Warsaw last year regarding another application stuck in administrative processing: "The case remains in administrative processing, the results of which may take months or years. In some cases, results may never reach a conclusion." **Exhibit E**.

### V.   HARM THAT DEFENDANTS ARE CAUSING PLAINTIFFS

14. Plaintiffs have suffered, and are suffering, significant harm because of Defendant's failure to perform their duties and adjudicate Plaintiff Mikhail Rudik's visa application.

15. It has been four years since Plaintiff Katherine Rudik, a United States citizen, filed an immigrant visa petition on behalf of her husband. *See* **Exhibit A**. Even though the petition was approved more than two years ago, the couple is still unable to reside in the United States because the Consulate refuses to act on Mr. Rudik's visa application.

16. One of the couple's children, V.R., is a permanent resident of the United States. *See* **Exhibit F**. As such, he is required to permanently reside in the United States to maintain his status. *See* 8 U.S.C. § 1101(a)(20). Because of Defendants' failure to adjudicate his father's immigrant visa application, V.R., a 7-year-old boy, must either stay in the United States without his father, or risk having his permanent resident status taken away for staying outside of the United States with his parents while waiting for his father's immigration process to be completed.

## VI.     CAUSES OF ACTION

### Count I
### Mandamus, 28 U.S.C. § 1361

17. Plaintiffs incorporate by reference paragraphs 1 through 16, as if set out in full herein.

18. Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997).

19. To prevail on a claim for a writ of mandamus, the plaintiff generally must show that (a) he has a clear right to the relief requested; (b) the defendant has a clear duty to perform

the act in question; and (c) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005).

20. Plaintiffs have provided all required information and documentation and have paid the necessary immigrant visa fees associated with Mr. Rudik's immigrant visa application. Therefore, they have a clear right to have Mr. Rudik's visa application adjudicated by the Consulate.

21. Defendants have a clear duty to act. *See* 22 C.F.R. § 42.81(a) ("Issuance or refusal mandatory. When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, **the consular officer must either issue or refuse the visa**[.]") (emphasis added).

22. Congress has set a specific 30-day processing deadline for visa applications of immediate relatives of United States citizens, which includes spouses. *See* 8 U.S.C. § 1151(b)(2)(A)(i). "It shall be the policy of the Department [of State] to process each visa application from an alien classified as an immediate relative … within 30 days of the receipt of all necessary documents from the applicant and the Immigration and Naturalization Service." Pub. L. 107–228, div. A, title II, § 233, Sept. 30, 2002, 116 Stat. 1373(a). Defendants have violated this Congressional directive in Mr. Rudik's case. It has already been over 300 days and counting since "the receipt of all necessary documents from the applicant" and Defendants continue to refuse to adjudicate Mr. Rudik's visa application.

23. Adjudication of a visa application is a purely ministerial, non-discretionary act, which Defendants are under obligation to perform in a timely manner. As Plaintiffs have no

alternative means to obtain adjudication of the visa application, their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

24. There is no other adequate remedy to obtain the relief Plaintiffs are seeking. Because the Consulate is not adjudicating his immigrant visa application, Plaintiff Mikhail Rudik is unable to enter the United States to reside here with the rest of his family. Without this Court's intervention, the Consulate "may never reach a decision" on Mr. Rudik's immigration visa application. *See* **Exhibit E**.

## COUNT II

### Violation of Administrative Procedure Act, 5 U.S.C. § 555(b)

25. Plaintiffs incorporate by reference paragraphs 1 through 24, as if set out in full herein.

26. The Administrative Procedure Act requires Defendants to conclude the processing of Mr. Rudik's visa application "with due regard for the convenience and necessity of the parties… and within a reasonable time." 5 U.S.C. § 555(b).

27. An unjustified delay of nine months from the time of visa interview is unreasonable.

28. In addition, Defendant have demonstrated lack of "regard for the convenience and necessity of the [Plaintiff's]." Because Defendants' failure to act continues to harm Plaintiffs and their children, the Administrative Procedure Act requires Defendants to adjudicate the pending visa application immediately.

## VII. PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully request that this Court grant the following relief:

(a) Order Defendants to adjudicate Plaintiff Mikhail Rudik's visa application immediately;

(b) Retain jurisdiction until the adjudication process is completed, in order to prevent further delays and ensure compliance with the Court's orders;

(c) Award Plaintiffs their costs and reasonable attorney's fees under the Equal Access to Justice Act; and

(d) Grant such other relief at law and in equity as justice may require.

Respectfully Submitted,

Dated: September 4, 2024

/s/Christopher J. Flann
**CHRISTOPHER J. FLANN**
Immigration Law of Montana, P.C.
8400 Clark Road
Shepherd, MT 59079

Dated: September 3, 2024

/s/Gregory Romanovsky*
**GREGORY ROMANOVSKY**
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108

Attorneys for Plaintiffs

*Application for admission pro hac vice forthcoming.